Robert J. FLOOD, Appellant,

v.

BESSER COMPANY, a corporation.

No. 14184.

United States Court of Appeals
Third Circuit.

Argued Sept. 23, 1963.

Decided Nov. 14, 1963.

John VR. Strong, New Brunswick, N. J., and Karl R. Meyertons, South River, N. J. (Strong & Strong, New Brunswick, N. J., on the brief), for appellant.

Charles Danzig, Newark, N. J. (Riker, Danzig, Scherer & Brown, Newark, N. J., on the brief), for appellee.

Before MARIS, KALODNER and GANEY, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff, Robert J. Flood, appeals from the judgment of the District Court for the District of New Jersey dismissing his complaint against the defendant, Besser Company. The complaint alleged that pursuant to an oral agreement the plaintiff, a business consultant, had rendered services to the defendant corporation and had solicited orders for war materials sold by it. Under this agreement the plaintiff sought to recover $595,000.00 claimed to be commissions due him for the period September 15, 1947 to December 12, 1952 on Government contracts obtained by the defendant. The complaint also alleged that the plaintiff had furnished defendant in 1946 with a letter setting out a plan for promoting the use of concrete masonry which ideas the defendant wrongfully appropriated. For what he termed the "theft" of the ideas thus submitted to the defendant the plaintiff sought to recover $1,200,000.00. The suit was originally brought in the Superior Court of New Jersey on or about December 1, 1958 and

was thereafter removed by the defendant to the District Court.

It appears that on October 29, 1952 the plaintiff had filed two suits in the United States District Court for the Eastern District of Michigan against the defendant under its previous corporate name of Besser Manufacturing Company. In the first of these suits he sought an accounting for commissions for the period May 17, 1943 to September 15, 1947 alleged to be due him on Government orders obtained by the defendant and in the second of the suits he sought an accounting for commissions alleged to be due him under other contracts with the defendant to the date of the complaint. The two complaints were consolidated for trial and on June 29, 1959, after a trial lasting five weeks, the District Court entered a judgment of no cause of action in each of the Michigan cases. On November 1, 1957 the plaintiff had filed in the consolidated Michigan cases without leave of court an amended complaint which expanded his original claim by adding a claim for commissions on Government contracts obtained by defendant to the date of filing of the original complaint, October 29, 1952. On August 29, 1958 the amended complaint was stricken by the District Court on motion of the defendant.

Following the entry of the judgments in the Michigan cases, from which no appeal was taken, the defendant moved in the District Court for the District of New Jersey for a summary judgment dismissing the complaint in the case in that court, which is now before us, on the ground, inter alia, that the judgments against the plaintiff in the Michigan cases barred him under the doctrine of res judicata from prosecuting the pres-

ent suit. There were other grounds asserted by the defendant for the dismissal of the complaint but, in the view we take of the case, it is unnecessary to consider them. The District Court granted the motion for summary judgment and dismissed the complaint. The plaintiff then took the appeal now before us.

It is hornbook law under the doctrine of res judicata that a final judgment for the defendant in a prior suit between the same parties or their privies bars the plaintiff from re-litigating the cause of action determined by such judgment. In such a case the plaintiff is precluded not only from asserting the grounds of complaint actually litigated in the prior suit but also all other grounds which were available to him but which were not put forward in that suit.[1] The plaintiff may not prosecute his claim piecemeal by presenting to the court a part of his grounds and reserving others for another day.[2] It is in the interest of both the nation as a whole and its individual citizens that there should be an end to litigation and that an individual should not be vexed twice for the same cause. Thus, under the doctrine of res judicata a plaintiff may not split his cause of action by claiming in his original suit a part only of the damages which he is then allegedly entitled to recover and reserving the remaining damages for a later suit. If he does so the judgment in the prior suit bars him from recovering in another suit the damages which he could have claimed, but did not, in the original suit.[3]

In the present case the plaintiff based his claim for commissions upon an alleged oral agreement reaffirmed and

1. Cromwell v. County of Sac, 1876, 94 U.S. 351, 352, 24 L.Ed. 195, 197; Angel v. Bullington, 1947, 330 U.S. 183, 192–193, 67 S.Ct. 657, 91 L.Ed. 832, 838–839; Commissioner v. Sunnen, 1948, 333 U.S. 591, 597–598, 68 S.Ct. 715, 92 L.Ed. 898, 905–906; Anselmo v. Hardin, 3 Cir. 1958, 253 F.2d 165, 168–169.

2. United States v. California & Ore. Land Co., 1904, 192 U.S. 355, 358, 24 S.Ct. 266, 48 L.Ed. 476, 479; Grubb v. Public Utilities Commission, 1930, 281 U.S. 470, 478–479, 50 S.Ct. 374, 74 L.Ed. 972, 979; 2 Freeman on Judgments, 5th ed., § 596.

3. Buchanan v. General Motors Corporation, 2 Cir. 1947, 158 F.2d 728; Applestein v. United Board & Carton Corp., 1961, 35 N.J. 343, 356, 173 A.2d 225, 231–232; Restatement, Judgments § 62.

ratified in July 1950, the terms of which he alleged had been reduced on February 24, 1944 to a written but unsigned memorandum. The plaintiff asserted that under this agreement he was entitled to commissions on Government orders from September 15, 1947 to December 12, 1952. In one of his complaints in Michigan the plaintiff alleged the same oral agreement, evidenced by the unsigned writing dated February 24, 1944, and based upon it his claim for commissions on Government orders for the period May 17, 1943 to September 15, 1947.[4] Moreover, in the Michigan complaints the plaintiff expressly asserted that he was not waiving his claims for the period from September 16, 1947 to the date of filing that complaint, October 29, 1952.[5] It thus appears that with respect to his claims for commissions the plaintiff has not only split his cause of action but is seeking in the present suit to recover damages[6] upon a cause of action which has been definitely and finally decided against him by the District Court for the Eastern District of Michigan. This he is barred from doing by the final judgments of that court[7] and the District Court rightly so held in the present suit.

The plaintiff urges, nonetheless, that he did try, by filing his amended complaint, to litigate in the Michigan court his claim for commissions for the period September 15, 1947 to October 29, 1952 and that the Michigan court prevented him from doing so by striking the amended complaint. The court stated that it took this action because the amended complaint was filed without leave of court and because, in any event, the additional claims sought to be introduced by it were then barred by the Michigan statute of limitations. Whether this action was right or wrong we need not decide. For, if erroneous, the plaintiff could have se-

4. During the proceedings in the Michigan cases the District Court held the written unsigned memorandum dated February 24, 1944 to be void under the Michigan Statute of Frauds. At the conclusion of the trial the District Court found that the plaintiff had been paid for his services, including the procurement of war contracts, pursuant to other agreements, and that the oral agreement was illegal and unenforceable under Federal law as being an agreement for the procurement of Government contracts on a commission basis. These findings, standing unmodified are binding upon the plaintiff in the present suit.

5. "Rights Reserved
"20. Nothing contained herein is intended by plaintiff as a waiver of any rights or claims under said or any other parol agreement of May 17, 1943 for the period from September 16, 1947 to date of filing the Complaint herein; nor as a waiver of any rights or claims for damages by virtue of the fraud on plaintiff or ideas appropriated by defendants or under any written contracts for concrete block machines and auxiliaries for foreign shipment, as these claims are the subject of other complaints." [Paragraph 20, Civil Action No. 12,275]

"Rights Reserved
"13. Nothing contained herein is contended by plaintiff as a waiver of any rights or claims under the ten-year parol agreement of May 17, 1943, or any other parol agreement performed to date of filing of this complaint; nor for damages by virtue of defendants' fraud or appropriation of plaintiff's ideas by defendants, as these claims are the subject of other complaints." [Paragraph 13, Civil Action No. 12,276]
Although the foregoing language was stricken on February 3, 1955, by the District Court from the Michigan complaints, it indicates the plaintiff originally brought his Michigan actions upon the theory of splitting his then existing causes of action and reserving part of them for later litigation.

6. The small portion of the claim for damages for the period from October 29, 1952 to December 12, 1952, which could not have been asserted on October 29, 1952 when the original Michigan complaints were filed was properly denied under the doctrine of collateral estoppel in view of the prior determination by the District Court for the Eastern District of Michigan that the plaintiff was not entitled to recover anything under the alleged agreements upon which they were based.

7. The Michigan judgments had this effect even though they were rendered after the commencement of the present action. Restatement, Judgments, § 43. See, also, Williamson v. Columbia Gas & Electric Corp., 3 Cir., 1950, 186 F.2d 464.

cured its correction by appeal to the Court of Appeals for the Sixth Circuit. It is clear, however, that the plaintiff, five years before filing the amended complaint, had knowingly split his causes of action by including only part of his claims for damages in the original complaints and that his attempted reservation in the original complaints of the balance of the claims for a future suit was wholly ineffective in the light of the settled law against such splitting of a cause of action.

■ The other claim asserted in the present suit is stated to be for damages for the "theft" by the defendant of the plaintiff's ideas for promoting the use of concrete masonry set out in a letter of October 15, 1946. The plaintiff urges that this claim is not identical with and was not a part of the causes of action litigated in Michigan. We cannot agree. For the complaint in the present suit alleges that the plaintiff received consideration from the defendant for the ideas contained in the letter partly in cash, and partly by an agreement for an accounting of monies due and by a written agreement dated September 4, 1947, which provided for the future payment of commissions for the sale of concrete block machinery and auxiliary equipment to domestic and foreign countries. The commission agreement of September 4, 1947 was relied on in the Michigan litigation and was one of the bases of the unsuccessful claim of the plaintiff to recover commissions in that litigation. The characterization by the plaintiff of the transaction as a "theft" does not help him, for a theft is the fraudulent taking of property of another without his consent and with the intent to appropriate it to the taker's own use without compensation. Here the allegations of the plaintiff's own complaint negate any such thought when they assert that the defendant gave consideration for the ideas which the plaintiff's letter transmitted to it. It is clear, therefore, that plaintiff is not suing on a tort but is in fact seeking an accounting of monies which he alleges to be due him as commissions from the defendant under

the agreement of September 4, 1947. This claim, however, was presented in the Michigan litigation and was there decided against the plaintiff. We conclude that the district court in the case before us rightly held that the plaintiff was barred by the judgments entered against him in the Michigan litigation from asserting in the present suit his claim for the alleged "theft" of his ideas.

The judgment of the District Court will be affirmed.