No. 21265.

LEE SQUIRE *v.* THE DISTRICT COURT OF ARAPAHOE
COUNTY, ET AL.
(393 P.2d 4)

Decided June 15, 1964.

Mr. LAWRENCE M. WOOD, Mr. RALPH M. CLARK, for petitioner.

Messrs. TILLY and SKELTON, for respondent.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

PETITIONER filed a complaint for separate maintenance against her husband. Thereafter, she and her husband signed a memorandum of agreement which dealt with a division of their assets and which provided that all lawsuits then pending between the parties were to be dismissed. Subsequently, the husband, relying on the memorandum of agreement, filed a motion to dismiss the complaint. The trial court found that the memorandum was not a property settlement agreement, but that it was an agreement to dismiss the lawsuit then pending without prejudice, and accordingly entered judgment dismissing the pending suit *without prejudice.* Petitioner thereupon filed a new suit for separate maintenance in the same court and filed motions for temporary custody of the children which were issue of the marriage and for temporary support, attorney fees and suit money pendente lite. The husband filed an answer and a counter-claim for divorce. The trial court then set a date for hearing on the request for the temporary orders.

Shortly after filing the second suit, the petitioner sued out writ of error in the first case. When the parties appeared for the hearing on temporary orders in the second case, the trial court refused to proceed and advised the parties that the pendency of review proceedings in this Court on the first case operated to divest him of jurisdiction in the second case. Petitioner sought relief in the nature of mandamus to require the trial

court to proceed with the second action. We issued an order to the respondent to show cause why such relief should not be granted, and the respondent filed an answer, contending that the review proceedings in the first case operated to divest him of jurisdiction in the second case. We do not agree.

The first case was dismissed *without prejudice*, leaving the petitioner free to file another suit upon the same subject matter. She did file another suit and thereupon the court obtained jurisdiction of the subject matter of the suit. The husband filed an answer and counter-claim and it is clear that the trial court had jurisdiction of the parties. Under the circumstances present here, the issuance of the writ of error in the first action did not and could not deprive the court of jurisdiction to proceed in the second action. While ordinarily it is proper to suspend proceedings in a second action between the same parties concerning the same subject matter while another action is pending, yet the peculiar circumstances of this case dictate that the better procedure here is to hear and determine the issues raised by the parties in the second case. It may be, as respondent claims, that a reversal of the order of dismissal in the first case would result in two actions pending in his court ,between the same parties upon the same subject matter, but when and if that contingency arises, the trial court has ample power to remedy the situation.

The rule is made absolute and the trial court is ordered to proceed in case numbered 19927 in that court and to hear all matters properly brought before it by the parties thereto.

MR. JUSTICE DAY not participating.

MR. JUSTICE HALL dissents.

MR. JUSTICE SUTTON concurs in the result.