GEORGE SOLARANA, dba AIEA ELECTRONICS *v.*
INDUSTRIAL ELECTRONICS, INC.

No. 4562.

MAY 3, 1967.

RICHARDSON, C.J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY LEWIS, J.

Plaintiff's action was dismissed with prejudice on defendant's motion on the ground that the doctrine of res judicata applied by reason of the dismissal of a prior action.[1]

The prior action was dismissed at the close of plaintiff's case on the ground of insufficiency of the evidence. Since the court did

---

[1]Another ground for dismissal was that the prior action was pending on appeal. Plaintiff subsequently entered a voluntary dismissal of that appeal. The effect of the pendency of the appeal and the effect of its subsequent dismissal are matters considered below.

not specify otherwise, the dismissal operated "as an adjudication upon the merits." H.R.C.P., Rule 41 (b). Pursuant to the requirements of the rule the court made findings, the only pertinent portion being the following:

"From the evidence adduced by plaintiff, the court finds that there is no evidence to show that defendant owes plaintiff $58,031.47 for goods sold and delivered on or about January 11, 1964; therefore, the court sustains defendant's motion to dismiss the complaint on the ground that upon the facts and the law plaintiff has shown no right to relief."

By the present action plaintiff claims that defendant owes him $58,031.47 "for goods sold and delivered by plaintiff to defendant between October 11, 1961 and March 9, 1963." The prior action sought the same sum of money "for goods sold and delivered on or about January 11, 1964." Plaintiff having failed to prove in the prior action that sale of the goods was consummated on January 11, 1964, the question is whether he is foreclosed from showing that sales took place between October 11, 1961 and March 9, 1963.

Defendant, in support of its argument that only one cause of action has been alleged in the two complaints, now contends that the actual delivery dates have no legal significance. That was not defendant's position in the prior action when defendant's then counsel secured the exclusion from evidence of an itemization of goods comprising the $58,031.47 sued for, dated January 11, 1964. This itemization was characterized on its face as a "special billing," and sent to defendant. It was plaintiff's theory that the sale was consummated on the date of the special billing though the merchandise already was in defendant's possession. Under prior rulings of the court plaintiff had been unable to support this theory. The itemization was excluded from evidence on defendant's objection that: "* * * unless it is a delivery on or about January 11, it is purely irrelevant and immaterial." This was a follow-up of an earlier objection that: "Whatever that was delivered prior to on or about January 11, 1964 would be immaterial to the complaint * * *." A letter of January 13, 1964, transmitting the itemization, likewise was excluded from evidence

on defendant's objection that "unless the delivery is proven to be on January 11—on or about January 11—and you have background facts, and I think that's irrelevant and purely self-serving. It is contradictory to the terms of his complaint." Moreover, on defendant's objection plaintiff was not allowed to amend the complaint to state that the goods were sold and delivered October 11, 1961 to March 9, 1963.[2]

It thus appears that the January 11, 1964 date was deemed not only material but controlling upon the trial of the former action, and this at defendant's own insistence. All that was adjudged was that whatever sale or sales might have taken place such sales did not occur on January 11, 1964. The findings so show. The question of whether sales were made at earlier dates was excluded from consideration.

We hold that under the circumstances of this case the defense of res judicata has been waived. Defendant is not in a position to invoke that defense in the second action when at its insistence the first action was narrowly limited. Had plaintiff made no attempt in the first action to pursue an alternative theory as to the time when the sales occurred the case might stand differently.[3]

---

[2]Plaintiff's then counsel moved for leave to make the amendment, then withdrew the motion when it appeared the court would rule against it on the ground that, as stated by the court: "Defendant is not prepared to proceed along that line, and it would be unfair to the defendant to allow such an amendment at this time * * * ." Later the motion to amend was renewed. Though counsel stated on the second occasion that he "wanted to amend to conform to the evidence" and this was not a well stated point since the evidence had been excluded, it is clear from the record as a whole what was sought. The court stated:

"* * * Offer was denied. So there is no such evidence before this court whereupon you may predicate this amendment now requested of the court.

"Presupposing the same had been admitted into evidence, * * * that does not support the allegations of your complaint * * * ."

Plaintiff's counsel then stated:

"Well, that's what I meant. I wanted to amend the complaint to show that these items—"

As seen, the court took note that: "Defendant is not prepared to proceed along that line * * * ." There is nothing in the record showing consideration of the possibility of continuance of the action pursuant to H.R.C.P., Rule 15 (b) , or the possibility of imposition of conditions upon the right to amend.

[3]A litigant is bound to bring forward in one suit all theories available to him as to the cause of action presented, and second thoughts as to the same cause of action after the case is closed will not avail against the defense of res judicata. *Sexton* v. *United States*, 238 F. Supp. 221, 223 (N.D. Ill.) ; *Makainai* v. *Lalakea*, 29 Haw. 482, 487.

*Carr* v. *Preslar*, 73 S.D. 610, 47 N.W.2d 497, is a case in point. Plaintiffs had contracted with defendant Preslar for a commission of 5 per cent of the additional consideration received by him for an oil and gas lease by virtue of their services. This amounted to 5 per cent of the royalty reserved by the lease, plus $78.25 in cash. In a prior action in which plaintiffs were defendants they had defended against Preslar's claim for cancellation of a deed given them by Preslar. In the prior action they at first asserted that the deed represented their 5 per cent of the royalty. Subsequently they sought to amend to concede a mistake in the deed and obtain a corrected deed limited to their 5 per cent of the royalty. They were not allowed to amend and judgment went against them, as a result of which the deed was cancelled but no corrected deed was given in lieu thereof. They did however obtain a judgment for the $78.25 in cash. No appeal was taken. When they thereafter sued to obtain a declaration of their right to 5 per cent of the royalty they were met by the defense of res judicata. The trial court sustained this defense, but the Supreme Court reversed, saying:

"* * * Without question the present action seeks to litigate a phase of the identical cause of action Carr and Krogman presented in their counterclaim in the previous action. For the purposes of this appeal these appellants assume that when they had completed their services for Preslar, a single or entire cause of action arose in their favor against Preslar for 5% of all of the consideration he received for the Payne lease over and above the amount of the cash consideration stated in Payne's original offer. On that basis they assert that Preslar was then obligated to pay them $78.25 and to transfer to them 5% of the royalty reserved by the lease. In recognition of the settled principle stated supra, they concede they were not entitled to split that cause of action and claim the cash in one action and the royalty interest in a subsequent action. They assume that their cause of action would have merged in the former judgment if the cause had gone to judgment without counsel having made the motion to amend their answer. Theretofore, their counterclaim had only placed their

right to $78.25 in litigation. The amendment offered to concede the invalidity of the mineral deed on the ground of mutual mistake, and to place their whole claim for money and a share in the royalty interest before the court for adjudication. Because the court ruled the amendment out, Carr and Krogman stoutly contend that their claim for a share in the royalty has not been adjudicated on the merits and hence is not res judicata.

"Preslar, on the other hand, places his feet upon the accepted principle that even an erroneous judgment is a bar to the relitigation of a cause of action, cf. 50 C.J.S., Judgments, § 618, and takes the position that if they deemed the court in error in its ruling on the amendment, Carr's and Krogman's remedy was by appeal rather than by a relitigation of their cause of action. He asserts that even though it be thought that the judgment is infected with error, it is nevertheless res judicata and bars a relitigation of that cause of action." (47 N.W.2d at 501-02.)

"* * * In the exercise of a sound discretion, we think the trial court in the previous trial should have granted the amendment and have retained jurisdiction for the purpose of disposing of the whole controversy. Cf. SDC 33.0904, 33.0911 and 33.0914. While the record before us does not show an express objection to the amendment by counsel for Preslar, it indicates that they were then before the court insisting upon a judgment on the pleadings in their then state. As a direct result of the ruling of the court the claim of Carr and Krogman for a royalty interest has never been tried on its merits.

"The doctrine of res judicata which Preslar would now employ to bar such a trial has been said to rest on two maxims, viz., 'A man should not be twice vexed for the same cause' and 'it is for the public good that there be an end to litigation.' Freeman on Judgments, § 626; Fayerweather v. Ritch, 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193. To permit the present use of the doctrine does more than protect Mr. Preslar from being twice vexed. It makes it possible for him to succeed in defeating Carr and Krogman in their efforts to secure a fair op-

portunity to place their claim in litigation on its merits. In our opinion neither justice nor sound public policy would be served by such a ruling. We therefore hold that the trial court erred in sustaining the defense of res judicata." (47 N.W.2d at 502-03.)

We have not overlooked the proposition that under Rule 41 (b) the dismissal of the prior action was upon the merits. However, California by code has the same rule that we have, the California statute providing that if a motion for nonsuit is granted, "unless the court in its order for judgment of nonsuit otherwise specifies such judgment operates as an adjudication upon the merits." The existence of this rule in California does not prevent the court from applying the doctrine of waiver of the defense of res judicata. *Cf., Hall* v. *Coyle,* 38 Cal.2d 543, 241 P.2d 236, 238, in which the court stated:

> "Furthermore the defendant has, by virtue of his own conduct, waived any right to a claim that the first action involved more than a suit on the alleged contract. * * *"

Moreover, the application of the waiver doctrine is not dependent upon there having been, in the prior suit, an express representation by counsel or determination by the court that another suit would lie, where as here that is the implication. In addition to the cases above cited see *United Bank & Trust Co. of California* v. *Hunt,* 1 Cal.2d 340, 34 P.2d 1001, 1004, which was found analogous in *Carr* v. *Preslar, supra,* 73 S.D. 610, 47 N.W.2d 497, 502, the court in *United Bank & Trust Co.* stating that: "The course pursued by the court and counsel * * * was tantamount to an express determination on the part of the court with the consent of opposing counsel to reserve the issues involved for future adjudication. * * * Litigants cannot successfully assume such inconsistent positions." See also *Leonard* v. *Schall,* 132 Minn. 446, 157 N.W. 723. On the record reviewed above we conclude that it cannot have been contemplated that the bar of res judicata would be invoked in another suit, causing plaintiff to suffer the forefeiture of his right to a hearing on his claim

that sales occurred at dates earlier than January 11, 1964, which date was deemed determinative of the scope of the then pending suit.

We therefore are of the opinion that contrary to defendant's contentions the equities do not lie with it. Under the circumstances of this case we sustain plaintiff's contention that: "A judgment is not res judicata as to issues raised in a previous case which were * * * matters which a court expressly refused to determine."

Defendant contends that if the court abused its discretion in denying the amendment in the first case, the only remedy was by appeal, citing *Angel* v. *Bullington*, 330 U.S. 183, and other cases. *Angel* v. *Bullington* has been characterized as "novel,"[4] and in the situation with which we are confronted we prefer the rule stated in *Carr* v. *Preslar, supra*, 73 S.D. 610, 47 N.W.2d 497, 502. Technical objections which prevent a plaintiff from reaching all the issues should not be encouraged by holding that the only way in which plaintiff can have his day in court on the issues excluded from consideration by such objections is through an appeal with the delay incident thereto.

Defendant also cites *Flood* v. *Besser Co.*, 324 F.2d 590, 593 (3d Cir.) in which the court said that if the striking of the amendments sought in the prior action was error the plaintiff could have secured correction of the error by appeal. But the court did not rest the application of the doctrine of res judicata on that ground alone, for the court continued: "It is clear, however, that the plaintiff, five years before filing the amended complaint, had knowingly split his causes of action by including only part of his claims for damages in the original complaints and that his attempted reservation in the original complaints of the balance of the claims for a future suit was wholly ineffective in the light of the settled law against such splitting of a cause of action." So in *Flood* the equities were not with the plaintiff. The other cases

---

[4]See 1B Moore, Federal Practice, § 0.409 (2) at 1018. Compare Restatement, *Judgments*, § 67.

cited by defendant are unlike the present case in that plaintiff had not sought leave to amend.[5]

We come now to consideration of the effect of the appeal which plaintiff took from the judgment in the prior action and subsequently dismissed. This appeal was pending when decision was rendered in the second action, presently before us for review. One of the grounds for dismissal of the second action was "the principle that the pendency of an action in an appellate court may be set up in abatement of another and later action between the same parties upon the same cause." We hold that the mere pendency of the appeal from the dismissal of the first action did not call for dismissal of the second action. Hence the decisive point was the applicability of the res judicata doctrine.

Preliminarily, we note that, although the appeal from the dismissal of the first action was pending when the trial court ruled, this in itself did not warrant dismissal of the second action "with prejudice," as was done. At most, the pendency of an appeal from the judgment in a first action "may be pleaded only in abatement, and not in bar, of the second action." 1 C.J.S., *Abatement and Revival*, § 73.

We, however, are of the view that when a first suit has been dismissed but something remains for adjudication; a second suit should not be abated merely on the ground of pendency of an appeal from the dismissal. While there is a division of authority on the point, as shown by 1 Am. Jur. 2d, *Abatement, Survival, and Revival*, § 15 at 53, the rule just stated is the appropriate one in this jurisdiction. The rule rests on the proposition that the dismissal of the first suit does not lose its force by reason of the appeal. *Cf., Mills* v. *City of Chicago*, 127 Fed. 731, 736, (N.D. Ill.) ; 1 Am. Jur. 2d, *Abatement, Survival, and Revival, supra,* § 15 at 53. While the effect that an appeal has on a judgment varies according to the applicable statutes, in this jurisdiction

---

[5]In one of the cases cited by defendant, *Buchanan* v. *General Motors Corp.,* 158 F.2d 728, 730 (2d Cir.) , the court remarked that leave to amend, if needed, could have been obtained in the trial court or by an appeal and then proceeded to apply the usual rule as to the effect of a former judgment. However, the case was one in which plaintiff had not sought to offer in the first suit the evidence which it offered in the second suit. The point at issue here was not involved.

an appeal does not vacate the judgment appealed from. *Collins* v. *Ako*, 35 Haw. 440, 443; *Bertelmann* v. *Kaio*, 23 Haw. 646, 650. Consequently, the effect of the prior judgment is the turning point here, not the pendency of an appeal.

When, as here, a first suit has been dismissed but something remains for adjudication which becomes the subject matter of a second suit, and when an appeal from dismissal of the first suit has been taken and is pending so that it ultimately may result that the subject matter of the second suit becomes triable in the first suit, the proper remedy on the part of the defendant is not an abatement but instead a motion for stay of the proceedings in the second suit. *Squire* v. *District Court of Arapahoe County*, 155 Colo. 125, 393 P.2d 4. The granting of such stay is discretionary with the court. *McCaw and Keating* v. *Moore*, 39 Haw. 157, 160; *United States* v. *Erie Basin Metal Products, Inc.*, 231 F.2d 294, 297-98 (7th Cir.). A stay, being discretionary, is to be distinguished from an abatement, which is a matter of right; moreover, a stay is merely a temporary suspension of the proceedings, not a dismissal as is an abatement. 1 Am. Jur. 2d, *Abatement, Survival and Revival*, § 3. In the present case the court might have stayed the proceedings in the second suit but should not have dismissed the action, especially as the dismissal was "with prejudice."

While the present case was pending in this court, and before the case was argued and submitted, the appeal taken in the first suit was voluntarily dismissed "with prejudice," by agreement of the parties and with leave of the court. Defendant now contends that: "Plaintiff-Appellant has had his day in court for the delivery of electronic goods between October 11, 1961 and May 1, 1963." Defendant's brief continues: "This has been raised as one of the Specifications of Error in the appeal of the prior action—namely, that the trial court committed error by denying the motion to amend the complaint to include these delivery dates. Even though the Plaintiff-Appellant did not pursue his appeal, his dismissal with prejudice means that any ruling by the trial court on the issue of the delivery dates is the law of that case." This contention is further elaborated by defendant as fol-

lows: "When Plaintiff-Appellant filed the dismissal with prejudice of the prior appeal, the orders and decisions of the trial court became the law of that case including the ruling to amend the complaint on the prior delivery dates." However, the doctrine of the law of the case, upon which defendant relies, "is confined in its operation to subsequent proceedings *in the same case.*" *James W. Glover, Ltd.* v. *Fong,* 42 Haw. 560, 578, emphasis added. The doctrine of the law of the case was so applied in *Air Terminal Services, Inc.* v. *Matsuda,* 47 Haw. 499, 504-06, 393 P.2d 60, 65-66, cited by defendant. Moreover, in the cited case plaintiff was given leave to amend but did not choose to do so. Here we have a different question as to the res judicata effect of a judgment of dismissal in another suit, where on defendant's insistence the subject matter of the second suit was excluded from consideration in the first suit and plaintiff was precluded from amending to include it.

No adjudication was made in the first suit that plaintiff had had his day in court on the question of whether sales took place between October 11, 1961 and March 9, 1963. Consequently the issue on appeal in the first suit was simply whether plaintiff had a right to amend *in that case.* Plaintiff could forego the right to amend in the first suit without admitting that the court's ruling which denied him leave to amend was in bar of redress elsewhere as to the excluded matter.

There has been no ruling by this court on the merits. Plaintiff's withdrawal of the prior appeal operated "precisely as though no appeal had been taken." *Jay* v. *Jay,* 37 Haw. 34, 37. True, the withdrawal of appeal in this instance was styled as a dismissal. However, as was stated in reference to the dismissal of an appeal in *Bierce, Ltd.* v. *Waterhouse,* 19 Haw. 594, 596, *rev'd on other grounds,* 219 U.S. 320: "A dismissal is something which happens in limine and without a consideration of the merits." *Cf., Gouveia* v. *Nakamura,* 13 Haw. 450, 452. The dismissal of an appeal is not the same as the dismissal of an action. We therefore conclude that the dismissal of the appeal, even though "with prejudice," did not add anything to the effectiveness of the judgment

in the first suit. Plaintiff, by allowing the first judgment to stand, was simply electing between the two suits. See 1 Am. Jur. 2d, *Abatement, Survival, andRevival,* § 7.

Reversed and remanded for further proceedings.

*W. Patrick O'Connor (A. William Barlow* of counsel) for plaintiff-appellant.

*William M. Swope (Harold S. Wright* with him on the briefs, *Smith, Wild, Beebe & Cades* of counsel) for defendant-appellee.