VERTECS CORPORATION, Appellant,

v.

REICHHOLD CHEMICALS, INC., and
Fiberchem, Inc., Appellees.

No. 7199.

Supreme Court of Alaska.

Sept. 16, 1983.

Robert J. Dickson, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellant.

James N. Leik, Bruce A. Bookman, Perkins, Coie, Stone, Olsen & Williams, Anchorage, for appellee Reichhold Chemicals, Inc.

Richard N. Sutliff, Anchorage, and David A. Shaw, Tewell, Thorpe & Findlay, Inc., Seattle, Wash., for appellee Fiberchem, Inc.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and HODGES,* Superior Court Judge.

## OPINION

MATTHEWS, Justice.

This appeal is one of several that have their roots in a fire at a fish processing and cold storage plant in Yakutat, Alaska. One such appeal has already been resolved in *Vertecs Corp. v. Reichhold Chemicals, Inc.,* 661 P.2d 619 (Alaska 1983). That opinion may be consulted for a detailed statement of facts; we state them here in brief.

In 1970, the City of Yakutat contracted to have a cold storage plant built at Yakutat. Because of condensation problems, Vertecs, Inc. installed foam insulation on the interior of the roof, pursuant to subcontract from the general contractor on the project, Chris Berg, Inc. Vertecs purchased the foam used on the project from Reichhold Chemicals, Inc. and Fiberchem, Inc. Following the plant's completion, it was leased to various tenants. On May 13, 1977, while occupied by the Yakutat Fishermen's Cooperative, the plant was substantially destroyed by a fire that followed the explosion of the plant's boiler. The flames ensuing from the explosion ignited the foam insulation, allegedly enhancing the resulting fire damage.

On May 11, 1979, co-plaintiffs City of Yakutat and Yakutat Fishermen's Cooperative filed an amended complaint in the superior court, Third Judicial District, naming fifteen defendants, including Vertecs and Reichhold. The complaint alleged that Vertecs had negligently applied the foam insulation and negligently failed to warn plaintiffs of the foam's flammability. The plaintiffs alleged eight claims for relief against Reichhold, including intentional and negligent misrepresentation regarding the flammability characteristics of the foam that Reichhold had supplied to Vertecs, negligent failure to warn of the foam's flammability, and various strict liability in tort claims. The plaintiffs never sued Fiberchem.

On March 3, 1981, Vertecs cross-claimed against Reichhold for indemnity and contribution. It alleged indemnity rights against Reichhold on theories of active-passive negligence, strict liability in tort, breach of warranty, negligent manufacture, and negligent and intentional misrepresentation. Reichhold moved alternatively for dismissal or summary judgment. Judge Milton Souter held oral argument on this motion on August 14, 1981. He ruled that Alaska law prohibited implied indemnity between concurrently negligent tortfeasors. It was noted at the hearing that there was pending a motion by the plaintiffs to amend their complaint to allege strict liability in tort

claims against Vertecs. Judge Souter thus indicated that he was not ruling on the propriety of an indemnity claim by Vertecs against Reichhold based in strict liability. Vertecs' cross-claim was dismissed on September 10, 1981. After a Rule 54(b) certification was entered on December 4, 1981, Vertecs appealed. That appeal was the subject of *Vertecs Corp. v. Reichhold Chemicals, Inc.,* 661 P.2d 619 (Alaska 1983).

On April 13, 1981, Vertecs filed a third-party claim against Fiberchem, seeking contribution and indemnity. After it settled with the plaintiffs, Fiberchem moved to dismiss Vertecs' third-party claim. That motion was granted on January 26, 1982. That disposition is the subject of the appeal in *Vertecs Corp. v. Fiberchem Inc.,* 669 P.2d 958 (Alaska 1983).

The City of Yakutat amended its complaint a second time by leave of court on May 19, 1982. The complaint alleged several new claims against Vertecs, including a claim under the Unfair Trade Practices Act, breach of express and implied warranties, and strict liability in tort. Since Reichhold had already settled with the plaintiffs, no claims were alleged against it.

Vertecs' answer to the second amended complaint, filed June 14, 1982, contained cross-claims against Reichhold for indemnity based on breach of warranty and unfair trade practices. Reichhold moved to dismiss the new cross-claims on July 6, 1982.

Vertecs sought to amend its answer to the second amended complaint on July 14, 1982. The amended answer contained a cross-claim against Reichhold alleging breach of an implied term in the sales contract that application of foam insulation "was acceptable and not unreasonably dangerous." It also contained a third-party claim against Fiberchem for indemnity on theories of unfair trade practices, strict tort liability, breach of warranty, and breach of an implied contractual term assuring that application of foam insulation was safe.

Reichhold opposed the amendments to Vertecs' answer on July 23, 1982, as did Fiberchem on August 18, 1982. The Honorable Charles Cranston heard argument on August 31, 1982, and rendered his decision on September 2, 1982. Judge Cranston determined that under the principle of res judicata, the decision in September 1981 on Vertecs' original cross-claims against Reichhold barred the new cross-claims. He also held that Vertecs' new claims against Reichhold "existed independently of whatever claims plaintiff may have against Vertecs." Therefore, he found that the amendments were untimely and refused to allow them. He stated that the same reasoning applied to Fiberchem.

After this disposition, Vertecs settled with the plaintiffs and a January 1983 trial date was vacated. Vertecs appealed Judge Cranston's decision on October 5, 1982.

## I

Vertecs appeals the decision that res judicata barred its June 1982 cross-claims against Reichhold and the July 1982 amendments to its answer to the second amended complaint. We agree with Vertecs that res judicata was applied erroneously in this case.

█ Reichhold and Fiberchem note that judgment was entered under Civil Rule 54(b),[1] and assert that such judgments are

---

1. Civil Rule 54(b) provides:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

final for res judicata purposes.[2] We agree with this assertion. *See* Restatement (Second) of Judgments § 13 comment e & Reporters' Note (1982); 6 J. Moore, Federal Practice ¶ 54.42, at 811–813 (1982); 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2661, at 128 (1983). However, it does not necessarily follow that res judicata bars Vertecs' non-negligence indemnity claim against Reichhold and Fiberchem.

■ Res judicata does not apply to issues raised in a previous case when the court expressly refused to determine those issues. *Solarana v. Industrial Electronics, Inc.,* 50 Haw. 22, 428 P.2d 411, 416 (1967). Nor does res judicata bar a later action when the previous action was dismissed as premature. Restatement (Second) of Judgments § 20(2) (1982) states in relevant part:

A valid and final personal judgment for the defendant, which rests on the prematurity of the action ... does not bar another action by the plaintiff instituted after the claim has matured ... unless a second action is precluded by operation of the substantive law.

As comment k to this section explains:

A determination by the court that the plaintiff has no enforceable claim because the action is premature ... is not a determination that he may not have an enforceable claim thereafter, and does not normally preclude him from maintaining an action when the claim has become enforceable.

This rule applies when the action's prematurity is evident from the face of the pleadings. *Id.*

■ In *Vertecs Corp. v. Reichhold Chemicals, Inc.,* 661 P.2d 619 (Alaska 1983), Vertecs had been charged only with negligence. In that case, we affirmed Judge Souter's ruling that implied indemnity between concurrently negligent tortfeasors would not lie in Alaska. When Judge Souter made that ruling, there was pending a motion by plaintiffs to amend the pleadings to state claims against Vertecs based on theories other than negligence. The court expressly stated that it was not ruling on the propriety of any future indemnity claim by Vertecs that was based in strict liability, noting that the *"present* pleadings" would not support Vertecs' cross-claim against Reichhold. (R. 365) Thus, the court expressly refused to consider Vertecs' non-negligence based indemnity claims, while indicating that they were premature on the state of the pleadings at that time. It was therefore error to hold that res judicata barred the assertion of Vertecs' non-negligence indemnity claim against Reichhold and Fiberchem.

## II

Vertecs included cross-claims against Reichhold for indemnity based on breach of warranty and unfair trade practices in its answer to Yakutat's second amended complaint. In granting Reichhold's motion to dismiss these cross-claims, Judge Cranston held that Vertecs' purported indemnity claims had "existed independently of whatever claims plaintiff may have against Vertecs." Apparently reasoning that Vertecs could have asserted the claims much earlier

2. Reichhold's invocation of res judicata in this appeal is somewhat incongruous, given statements by Reichhold's counsel at oral argument in the appeal in *Vertecs Corp. v. Reichhold Chemicals, Inc.,* 661 P.2d 619 (Alaska 1983). Reichhold's counsel stated:

[T]he court dismissed Vertecs' cross-claim based on the pleadings.... Vertecs was only sued for its own negligent conduct and its own activity in the pleadings.... If the plaintiff changes the game and amends the pleadings, then Vertecs can file a new claim. If there is a new cause of action being asserted by the plaintiff later on, then Vertecs can assert a new right of indemnity. If in fact

you get to trial, and as sometimes happens, plaintiff submits different proof and moves to conform the pleadings to the proof submitted, Vertecs can file suit for indemnity. We mustn't forget that indemnity can be filed after the main action. The indemnity right is not lost simply because it's not asserted prior to the main trial.... So, its not true that there's some sort of prejudice to Vertecs because the plaintiff controls the right of indemnity.... The plaintiff controlled its action—it goes through and has its action based on whatever the principles are involved—and Vertecs can get indemnity if in fact it's deserved.

in the suit, he concluded that the claims had not been timely asserted.

■ On its face, Civil Rule 13(g)[3] seems to allow assertion of cross-claims against a co-party as a matter of right. Nonetheless, it is within the discretion of the court to determine whether to allow the assertion of a cross-claim. 6 C. Wright & A. Miller, Federal Practice & Procedure § 1431, at 169–70 (1971). We will reverse a ruling for abuse of discretion only when we have a definite and firm conviction upon review of the entire record that the court was mistaken. *See Farrell v. Dome Laboratories,* 650 P.2d 380, 383–84 (Alaska 1982); *Peter Pan Seafoods, Inc. v. Stepanoff,* 650 P.2d 375, 378–79 (Alaska 1982). We believe that to be the case here. Judge Souter ruled in September 1981 that Vertecs' indemnity claims were derivative of claims made against it by the plaintiffs. Therefore, Vertecs was in no position to allege its new indemnity theories until Yakutat amended its complaint on May 19, 1982. Reichhold complains that allowing these cross-claims would prejudice it greatly, since it discontinued active participation in the lawsuit in September 1981. However, any prejudice that Reichhold may suffer stems not from actions by Vertecs but from the long delay preceding the second amendment of Yakutat's complaint. Therefore, it was an abuse of discretion to dismiss the cross-claims contained in Vertecs' answer to the second amended complaint.

■ We likewise believe that it was an abuse of discretion to refuse to grant Vertecs leave to amend its answer to Yakutat's second amended complaint.[4] Vertecs could not file an answer (or an amended answer) to Yakutat's second amended complaint until May 19, 1982. It sought to amend its answer on July 14, 1982. Thus, fewer than two months passed from the filing of the second amended complaint to Vertecs' attempt to amend its answer. We do not believe that a two month delay added materially to any prejudice suffered by Reichhold or Fiberchem from preceding delays, which were not the result of any action by Vertecs.

Therefore, this case must be reversed and remanded for further proceedings. We emphasize that we intimate no opinion on the merits of Vertecs' claims against Reichhold and Fiberchem; we merely hold that Vertecs may plead those claims at this time.

REVERSED AND REMANDED.

**3.** Civil Rule 13(g) provides:
A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

**4.** We will reverse an order denying leave to amend a pleading only for an abuse of discretion. *Van Horn Lodge, Inc. v. Ahearn,* 596 P.2d 1159, 1162 (Alaska 1979); *United States Fire Insurance Co. v. Schnabel,* 504 P.2d 847, 854 (Alaska 1972).