**DAGGS v. PHILLIPS et al.**

No. 28867.     April 11, 1939.

Claude V. Thompson, for plaintiff in error.

Busby, Harrell & Trice, for defendants in error.

PER CURIAM. This is an action in forcible entry and detainer filed in the justice of the peace court of Ada district, Pontotoc county, Okla. against Nathan Phillips and C. S. Amos. The trial in the justice of peace court resulted in judgment in favor of the plaintiff finding the defendants guilty. From this judgment the defendants appealed to the district court, and the cause was docketed as No. 15422 in the district court. At that time there was pending in the district court cause No. 15277, which involved an action with relation to the same real property between the same parties wherein Lee Daggs sought injunctive relief.

On the 8th day of June, 1938, the district court entered an order holding the case at bar in abeyance until the final determination of cause No. 15277. From this order the plaintiff has appealed. Defendants move to dismiss the appeal for the reason that the order made June 8, 1938, is not subject to review prior to a final determination of the cause on the merits.

We are of the opinion, and hold, that the appeal must be dismissed. In Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, the court said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

See, also Wells v. Shriver, 81 Okla. 108, 197 P. 460; Attaway v. Watkins, 171 Okla. 102, 41 P.2d 914; Oklahoma City-Ada-Atoka Ry. Co. v. Parks, 182 Okla. 598, 78 P.2d 791. In the latter case we said:

"Only those orders referred to in section 528, O. S. 1931, 12 Okla. St. Ann. sec. 952, that are final are appealable. Those that are not final are not appealable, but may be reversed, vacated, or modified when properly presented on appeal from a final order of judgment in the cause."

The cases cited by plaintiff in error dealing with pleas in abatement are not applicable here.

The appeal is dismissed.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.