**BRADLEY et al. v. TRIPLEX SHOE CO.**

**No. 783.**

Municipal Court of Appeals for the
District of Columbia.

May 10, 1949.

Arthur B. Hanson, of Washington, D. C. (Garland Clarke, of Washington, D. C., on the brief), for appellants.

Nathan H. David, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellants, as landlords, commenced a summary proceeding for possession of certain business property, alleging that the tenant was holding over after expiration of its lease. The tenant filed a motion to stay the proceeding, admitting that its lease had expired on December 31, 1948, but alleging that in July 1948 the parties had contracted to make a new lease, that the landlords had refused to execute the new lease in accordance with the contract, and that in October 1948 the tenant had commenced an action against the landlords in the United States District Court for the District of Columbia seeking specific performance of the contract, which action was awaiting trial.

The trial court found that the District Court action was between the same parties, involved the same subject matter and had been filed first, and ordered the landlord and tenant action stayed until final determination of the District Court action. The order further provided that pending such final determination the tenant should pay a monthly rental of $300 (the amount the tenant alleged was agreed upon for the new lease, which amount is twice the rent paid under the expired lease), such payments to be without waiver of the rights of either party.

The landlords have appealed from the stay order, contending that its effect is to deprive them of substantial rights by denying to them the speedy relief afforded under the summary landlord and tenant proceeding and forcing them to await the outcome of the District Court action which, they say, may not occur for eighteen or twenty-four months.

This Court has held that the Municipal Court has power, under proper circumstances, to stay its own proceedings pending determination of an action in the District Court.[1] The Supreme Court has said that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but at the same time warned against stays "for an immoderate stretch of time." Landis v. North American Company, 299 U.S. 248, 254, 257, 57 S.Ct. 163, 166, 81 L. Ed. 153. Accordingly, we have no doubt of the power of the trial court to enter a stay. We do not reach the question whether such power was exercised with discretion in the instant case, because we are convinced that the stay order is not appealable.

As we have had frequent occasion to point out, review by this Court is limited to final orders or judgments and interlocutory orders whereby the possession of property is changed or affected.[2] The stay order in this case was not final because it did not determine the merits of the controversy.[3] It was an interlocutory order but it did not change or affect possession of property.[4] It left the parties exactly as they were prior to the order.

The order not being appealable, the appeal must be dismissed.[5] For that reason we think it proper to suggest to the trial court that in situations of this kind the court should consider the advisability of compelling the party seeking a stay to first resort to the District Court for relief.[6]

[1] Coates v. Ellis, D.C.Mun.App., 61 A. 2d 28.

[2] Code 1940, 11—772 (a). See Whitman v. Noel, D.C.Mun.App., 53 A.2d 280; Lee v. Zentz, D.C.Mun.App., 44 A.2d 872; Brown v. Randle & Garvin, D.C.Mun. App., 32 A.2d 104.

[3] Piercy v. Baldwin, 205 Ark. 413, 168 S.W.2d 1110; Daggs v. Phillips, 184 Okla. 625, 89 P.2d 359. The stay order considered in Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153, was originally reviewed as an interlocutory order on "special appeal." North

American Co. v. Landis, 66 App.D.C. 141, 85 F.2d 398.

[4] Levy v. Arsenault, D.C.Mun.App., 63 A.2d 671.

[5] This case is clearly distinguishable from Mindell v. Glenn, D.C.Mun.App., 65 A.2d 340. There the trial court held it had no jurisdiction and in effect ordered the case permanently stayed. Under those circumstances we held the order appealable.

[6] Cf. Kaplowitz Bros. v. Kahan, D.C. Mun.App., 59 A.2d 795.

In the pending District Court action that Court on proper showing might enjoin the defendants from their prosecution of the Municipal Court action. Such an injunction would have the effect of staying the Municipal Court action. The District Court, having before it the record in its own case, knowing the probability of the time ordinarily required for final determination therein, and having the power to advance its own case for hearing, may be in a better position to determine whether the Municipal Court proceeding should be halted pending determination of the District Court action, and, if so, upon what conditions, such as the giving of an injunction bond, etc.

Appeal dismissed.