**HOME–STAKE ROYALTY CORPORATION, Appellant,**

v.

**CORPORATION COMMISSION of the State of Oklahoma and Brooks Hall Oil Corporation, Appellees.**

**No. 50515.**

Supreme Court of Oklahoma.

May 8, 1979.

George W. Owens, Benjamin C. Faulkner, Eagleton, Eagleton & Owens, Inc., Tulsa, for appellant.

H. B. Watson, Jr., David Wick, Jr., Watson, McKenzie & Moricoli, Oklahoma City, for appellee Brooks Hall Oil Corp.

HARGRAVE, Justice:

The Applicant Brooks Hall Oil Corporation petitioned the Corporation Commission for an order pooling the interests in oil and gas found in the Tonkawa, Lansing, Kansas City, Cherokee, Oswego, Mississippi, Viola, Simpson and Arbuckle common sources underlying Section 19, Township 28, Range 16 West in Woods County. The Viola, Simpson and Arbuckle formations were later dismissed from the Application. As granted, the order designated Brooks Hall Oil Corporation as the unit operator and allowed it to drill the requested well.

The cost of the unit well was found to be $166,750.00 for a producing well and $100,000.00 for a dry hole. The Commission's order found the fair and reasonable cash bonus to be paid an owner for his rights to drill to be $25.00 per acre with a royalty of ⅛. The owners were given the choice of taking the non-participating interest or agreeing to participate by paying the owner's proportionate share of the unit well or furnishing security therefor within twenty days of the order with the election to be made within fifteen days. Notice of the application was mailed to Appellant on October 19 and published on October 16. The fifteen day election expired on December 30, 1976, in effect allowing Appellant over two months in which to consider this matter. Failure to elect was deemed an acceptance of the non-participating interest. Pursuant to the application, after notice, the hearing was held on November 4, 1976, and the trial authority made his report of findings of fact and conclusions based thereon. One conclusion made therein and protested in this appeal is the trial examiner's finding that Brooks Hall Corporation need not furnish geological data for inspection by Home-Stake on the ground that the requested geological data was proprietary in nature. The trial examiner also found that the maximum amount paid for the leases in the unit was $25.00 per acre and that sum

was a fair and reasonable price to be paid for non-participating interests.

The Appellant Home-Stake Royalty Corporation assigns a single proposition of error in an attempt to obtain reversal of the Commission's Order # 126568 and that is: The compulsory pooling order amounts to an unconstitutional taking of appellant's property without due process of law because there is not substantial evidence of the relative values of the property rights under consideration. This proposition of error is grounded upon the premise that the applicant must produce evidence of the amount and net value of the hydrocarbons in the common source of supply by producing geologic, economic and engineering data for the contemplated well. As applied to the factual surroundings of this proceeding, this argument requires that the applicant produce technical information to the owners of a working interest in an area conceded to be wildcat or a previously undeveloped locality.

The record before us contains evidence adduced from the testimony of two witnesses. Both of these witnesses were called by the applicant, Brooks Hall. There were no objections to the expertise of either of them. Mr. Fankhouser testified that the highest price paid by Brooks Hall for a lease in the unit was $25.00 per acre with a ⅛ royalty. Testimony of terms and price paid for recent leases in the surrounding area is admissible for the purpose of establishing the reasonable market value of the lessee's working interest as this Court noted in *Coogan v. Arkla Exploration Co., 589 P.2d 1061 (Okl.1979).* In reviewing an order of the Corporation Commission this Court is required to determine if there is substantial evidence to support the factual determinations of the Commission; it is not required to weigh the evidence but must accept facts and conclusions therefrom supported by substantial evidence. *Crews v. Champlin Oil & Refining Co., 413 P.2d 508 (Okl.1966); Wilcox Oil Company v. Corporation Commission, 393 P.2d 242 (Okl.1964).*

By virtue of Article 9, Section 20 of the Constitution of the State of Oklahoma, this Court is obligated to exercise its own independent judgment of the facts and law when matters of constitutional import are raised in an appeal from the Corporation Commission. *Mee v. Corporation Commission, 293 P.2d 593 (Okl.1956).* The appellant's constitutional argument is based upon a failure of evidentiary support; that is, if there is not substantial evidence to support the order, then appellant's right to the process which is due it has been infringed upon. The crux of the appeal is the existence of evidentiary support and the Court will not weigh the evidence but will apply the substantial evidence test in this appeal. In the case of *Central Oklahoma Freight Lines, Inc. v. Corporation Commission, 484 P.2d 877 (Okl.1971),* this Court stated that substantial evidence possesses something of substance, such as carries with it fitness to induce conviction. It was further stated that reasonable men may fairly differ as to whether substantial evidence establishes a case.

The testimony of Mr. Fankhouser is substantial evidence supporting that portion of the order allowing the offered bonus and royalty as an alternative to participation. Additionally, the appellant contends the order is defective because the record contains no evidentiary support for the remaining alternative allowed the owners in the unit choosing to participate. The absence of evidence of a geologic nature (in addition to the existing economic evidence of cost of the well) indicating what returns are expected from the prospective well is alleged to be in absence of substantial evidence supporting the participation alternative. The appellant's position is that the substantial evidence rule necessitates a showing of what the proposed well will produce or evidence of data from which that information may be determined by the lessee considering the alternatives offered him in the order. We have previously noted the record demonstrates the area for which this order was issued is an undeveloped region to the extent that the only well in the vicinity is a thirty year old non-producer. Geologic studies in such areas are closely guarded by

their owners as proprietary information. Any conclusion reached relative to future production from the contemplated well derived from these tests remains problematical, conjectural, and depends in great part upon the expertise of the persons making the evaluation.

 The future value of the well and the unit it is placed upon is thus pure speculation. The issue to be determined in this pooling proceeding is the *present* market value which, as is noted herein, is amply supported by testimony of market value determined by recent transactions and not *future* value reflected by the prospects of the contemplated well. Appellant contends that under 52 O.S.1971, § 87.1(d) the requirement that ". . . All orders requiring such pooling shall be made upon such terms as are just and reasonable . . ." requires the divulgence of these studies. We perceive no such requirement mandated by that broad statement, and hold the order is supported by substantial evidence equating the *present* value of a right to drill on the tract as the price offered and accepted for leases in the unit. *Coogan v. Arkla Exploration Co., supra.* Accordingly, the order of the Commission is affirmed.

All Justices concur.