**H & L OPERATING COMPANY, Appellant,**

v.

**MARLIN OIL CORPORATION, Search Drilling Corporation, and the Corporation Commission of the State of Oklahoma, Appellees.**

No. 56924.

Supreme Court of Oklahoma.

May 19, 1987.

John C. Moricoli, Jr., Sharon L. Taylor, Watson, McKenzie & Moricoli, Oklahoma City, for appellant H & L Operating Co.

Harry H. Selph, II, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellee Marlin Oil Corp.

Gregory L. Maheffey, Oklahoma City, for appellee Search Drilling Corp.

M. Keywood Deese, Conservation Atty., Oklahoma Corp. Comm'n, Jan Eric Cartwright, Atty. Gen., Oklahoma City, for appellee the Corporation Comm'n of the State of Oklahoma.

HARGRAVE, Vice Chief Justice.

This action is an appeal from the Corporation Commission of the State of Oklahoma in Cause No. 80496 which involves an application to drill an off-pattern well in Section 14, Township 2 West, Range 9 ECM in Cimarron County, Oklahoma. Section 14 above is established as a 640–acre drilling and spacing unit, and the order establishing it provided the well on the unit should be not less than 1,320 feet from

the unit boundary. H & L Operating Company sought permission to drill at a location 660 feet north of the south line and 1,320 feet west of the east line. Hearing date was set for July 20, 1981, but on April 8, 1981, an application for an emergency order was filed citing contractual necessity to begin a well on or before April 28, 1981, in addition to reasons of rig availability. The Administrative Review Panel of the Corporation Commission heard the emergency application and Marlin Oil Corporation's protest thereof, on the following day, April 9, and voted to grant the application April 10. Thereafter, Order No. 188994 granted H & L Operating Company the authority to drill an off-pattern well. Marlin Oil Company filed a motion for rehearing and a motion to stay Order No. 188994. This application was granted, staying the order granting authority to commence an off-pattern well on April 30, 1981. At the time the stay order was issued, H & L Operating Company had drilled to a depth of 2,260 feet and further operations were suspended. On May 1, H & L filed a motion to vacate the stay and this motion was denied. The appellant, H & L Operating Company, appealed from the order granting the stay and the order refusing to vacate that stay, filing its petition-in-error in a timely manner alleging one point of error in their brief, that being there is no competent evidence to support the order and the stay must thus be reversed. Appellant asserts his objection to the ruling of the Commission in the first proposition of his reply brief and objects to the formulation of the contentions of the appellee's answer brief as being too broad. Appellant contends that the issue is "whether the Corporation Commission can validly issue a stay order without any evidence to support it". It is incorrect, according to appellant, to characterize the issue on appeal to be whether H & L was entitled to the emergency relief in the first instance prior to a merits hearing on a location exception. It is correct to state no evidence (testimony) was taken at the hearing on the stay. That proceeding dealt entirely with legal issues and arguments by counsel upon the law. It is fundamental that orders of the Corporation Commission are to be upheld if they are supported by substantial evidence. The duty of this Court in reviewing orders from the Commission, as noted in *Home-Stake Royalty Corp. v. Corporation Commission*, 594 P.2d 1207 (Okl.1979), is to determine (only) if there is substantial evidence to support the factual findings of the Commission. The continuation of that authority found in *Miller v. Corporation Commission*, 635 P.2d 1006 (Okl.1981), at p. 1007, states: "This Court's review of the Commission's findings of fact is restricted by the standard of substantial evidence." This is by virtue of Art. 9 § 20 of the Oklahoma Constitution. This Court does not find that an order of the Commission is *ipso facto* reversible in instances where there is a ruling emanating from legal arguments not requiring additional evidentiary proof. The cases have not so held. The inquiry into the correctness of a stay order is not limited solely to review of the evidentiary basis of the order as distinguished from presentation of legal basis for relief. A review of an order of the Commission shall determine whether the findings and conclusions of the Commission are sustained by the law and substantial evidence. *El Paso Natural Gas Co. v. Corporation Commission*, 640 P.2d 1336 (Okl.1981). The decision may be upheld in those instances where entitlement to relief can be demonstrated by legal argument. Here the stay was requested on the grounds that the preliminary relief was granted incorrectly prior to the hearing on the merits. In such instances, relief may be granted as a result of a demonstration that there is an absence of legal foundation for the order.

■ The order issued by the Commission staying the effectiveness of the emergency order does contain certain findings. Those findings relate the content of the emergency order granting authority to commence an off-pattern well, and recites that Search and Marlin are operators of gas well units adjoining the drilling and spacing unit. There is a finding that the emergency order was granted without a sufficient finding of fact upon which the requested relief could be granted, and states the instance of

an emergency is not sufficiently supported in the record of the emergency hearing. Lastly, the order states the Notice of Intent to Drill had not been approved prior to commencement of drilling operations. The last finding, as appellant suggests, is not supported by evidence and cannot be relied upon to support the order. The drilling of a well subsequent to the emergency order without the acquisition of an approved Notice of Intent to Drill is a finding of fact not included in the prior record and made in the absence of evidence.

■  The determination of this appeal necessitates discussion of the point in the administrative process from which this appeal is taken. The ultimate goal of the proceeding in Cause No. 80496 was permission to drill an off-pattern well, sought by H & L Operating Company. Prior to final determination of this issue, H & L sought an emergency order allowing commencement prior to the previously set hearing date, stating as a basis for the request, that time was of the essence in its contractual and physical ability to drill in the unit at all. Marlin Oil then asked for a rehearing on the emergency order, seeking a stay of the emergency order at the same time. This request was also granted. In response H & L sought to vacate the stay which was denied. The refusal to vacate the stay is here appealed from. In addition the petition-in-error was brought here on an appeal from the stay of the emergency order, and was timely filed thirty days from issuance.[1]

In this cycle of preliminary manuevering the final issue is whether circumstances justify production from a well in the unit drilled off-pattern or not. This proceeding is not concerned with those factors which will resolve this question, such as physical aspects of the productive formation encountered in the unit and the competing considerations of the effect such order will have upon the correlative rights of owners of offset wells in adjoining units, and methods of protecting those rights such as adjusting allowables.

In this action inquiry on appeal is focused upon the propriety of staying an emergency order once issued, and does not involve the final issue of well location. The well location issue is yet to be tendered for final resolution by the Commission. The determination to be made here is one of whether or not the issues on appeal are now ripe for review.

Appellate intercession into the administrative process of the Corporation Commission has been disapproved since *Lone Star Gas Co. v. Corporation Commission,* 170 Okl. 292, 39 P.2d 547, at 555 (1935). There the Court refused to interfere with an order of the Commission fixing temporary rates for gas where that order was issued as an interim arrangement pending receipt of those evidentiary materials which would allow the Commission to fix a rate permanently.

In *Western Okl. Chapter, etc. v. State, etc.,* 616 P.2d 1143, (Okl.1980), the Court refused to entertain an appeal of the dismissal of an agency generated application for rules review. Two circumstances were mentioned as bearing upon the determination. First, no party was finally concluded by the Commission and second, there was no participating party in the proceeding other than the Commission. "In short no private rights are involved affected or *concluded.*" (emphasis in original) The issues there presented were described as not ripe for appellate disposition.

In *Western, supra,* the Court capsulized the basic considerations of ripeness determination. Quoting from *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), it was noted that ripeness review in administrative appeals prevents the courts from entangling themselves in disagreements over administrative policies by avoiding premature adjudications. Secondly, such analysis protects agencies from judicial interference until an administrative decision is formalized. The

---

1.  *Transok Pipe Line Co. v. Darks,* 515 P.2d 218 (Okl.1973). The appeal was brought here from

the stay order, not the motion to vacate it.

basic inquiry in each case is whether there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant consideration. *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972) quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). The ripeness determination hinges upon the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Abbott Laboratories, supra.* Ripeness determinations involve the exercise of judicial restraint and the courts must determine whether this restraint will be exercised or not. These prudential considerations are not to be fettered by the parties' agreement (or silence) upon the matter. *Blanchette v. Connecticut General Insurance Corporations,* 419 U.S. 102, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). *In Re Grand Jury April,* 604 F.2d 69 (C.A. 10th Cir.1979).

The cause before this Court must now be analyzed against the backdrop of these stated considerations of ripeness. The Commission has determined to stay its emergency order. Here presented is a controversy dealing substantially with a determination to delay an emergency order for further consideration on the merits. There is no actual controversy over the issue of whether an off-pattern well will be drilled or not, despite the parties' attempt to characterize it. There is absolutely no substantial controversy of an immediate nature since the ultimate issue of well location has remained undetermined. The immediate controversy present revolves around the propriety of withdrawing the efficacy of an emergency order pending determination at a regular hearing. The immediate controversy here is ultimately one of administration. Interference at this point immerses the Court in the administrative process and ultimately only hinders the expeditious administrative decision making process. Court intercession in this matter would only determine a preliminary issue which would yet leave the Commission in the identical position which it would find itself in the absence of a decision in this Court.

That is, a determination would yet remain as to the order establishing an off-pattern well location.

Hardship to the parties as a part and parcel of the ripeness determination is also judged here to be inferior as a real consideration for militating the appeal here be judged ripe for determination. It is argued that there are physical and contractual restraints requiring the well to be drilled prior to the hearing on the application of a permanent order. At the same time these constraints dictate that the applicant risks the loss of the well and the expense it entails upon issuance of the permanent order if unfavorably decided as to the applicant. Determination at this point does nothing but trade one hardship for another, depending on uncertain future events that this appeal cannot resolve.

In the light of such an analysis it is determined that the issue presented is not ripe for appeal. The controversy here appealed is part and parcel of an uncompleted administrative inquiry. The only controversy presented for review is extracted from the center of an administrative determination not yet complete. The existence of hardship in the event the Court does not accept the cause for adjudication is merely different in character than that to be encountered by the litigant if the appeal was accepted. In any event intercession at this point simply immerses this Court in administrative processes and ongoing decision making absent the chance that resolution here will have any effect on the outcome of the underlying controversy. For these reasons it is concluded that the issue here tendered is not ripe for decision and the APPEAL IS THEREFORE DISMISSED.

All Justices concur.