**SAMSON RESOURCES COMPANY, Appellant,**

**v.**

**The OKLAHOMA CORPORATION COMMISSION and TXO Production Corp., Appellees.**

**No. 62102.**

Supreme Court of Oklahoma.

July 21, 1987.

As Corrected Oct. 1, 1987.

Rehearing Denied Sept. 29, 1987.

Gregory L. Mahaffey, J. Jayne Jarnigan, Mahaffey & Gore, P.C., Oklahoma City, for appellant.

Gretchen P. Hoover, Deputy General Counsel, and Leslie W. Pepper, Asst. General Counsel, Oklahoma Corp. Com'n, Oklahoma City, for appellee, Oklahoma Corp. Com'n.

Robert A. Miller, Susan E. Ross, Crabtree and Miller, Oklahoma City, for appellee, TXO Production Corp.

ALMA WILSON, Justice:

The controversy in this case is whether Samson Resources Company, the appellant, timely elected under a forced-pooling order of the Corporation Commission to participate in the development of an oil and gas well, and whether the Commission has jurisdiction to hear the matter.

In January of 1982 TXO Production Corporation (TXO) drilled and completed the Harris No. 1 well in Section 24, Township 4 North, Range 14 East, Pittsburg County, Oklahoma, pursuant to a pooling order obtained from the Corporation Commission. Samson Resources Company (Samson) elected to participate under the terms of the order with its interest. After the well had been completed, a second pooling order was necessary to cover a forty acre interest owned of record by W.O. Pettit, which interest was uncommitted to the unit well. On October 13, 1982, the Corporation Commission entered a second pooling order. Among the terms of that order Pettit was required to elect to TXO in writing, within fifteen days of October 13, 1982, which of the alternatives in paragraph 3 of the order that the owner accepted. Paragraph 3 provided for the options of participating in the development of the unit, receiving a cash bonus plus overriding or excess royalty, or receiving a fair share of production.

On October 28, 1982, W.O. Pettit sent a certified letter to TXO which stated:

In response to your force pooling [sic] order covering above captioned section, this is to advise I have farmed out my interest to Samson Resources Company, 2700 First National Tower, Tulsa, Oklahoma 74103, who has informed you they will participate with my interest.

On November 1, 1982, Samson sent a letter to TXO stating:

This letter is to confirm my earlier phone conversation wherein I informed you of our acquisition of W.O. Pettit's interest in the captioned unit.

Please forward a revised Exhibit "A" to the Operating Agreement covering the captioned unit.

TXO contended that neither of these letters were valid elections by Samson to participate in the drilling of the Harris No. 1 well, pursuant to the Corporation Commission's second pooling order. Samson sought a determination by the Commission that its election was proper, and that it was entitled to participate as a working interest owner in the Harris well. After a hearing before the Oil and Gas Referees who denied Samson's application, a decision by the Corporation Commission, reversing, followed by a reconsideration in which the Commission upheld the decision of the referees, the Commission ultimately denied Samson's application and ruled that Samson failed to make a valid election. Samson appealed to this Court.

I.

The first issue we address is whether the Corporation Commission had jurisdiction to decide the controversy or whether our holding in *Tenneco Oil Co. v. El Paso Natural Gas*, 687 P.2d 1049 (Okl. 1984) requires that the district court hear the matter.

After the Corporation Commission issued its order in the case at bar, this Court handed down *Tenneco*. Samson cites *Tenneco* for the proposition that the Corporation Commission has no jurisdiction to entertain disputes over the status of elections under pooling orders. Such a construction is too broad. In *Tenneco*, as in the case at bar, the issue before this Court was the proper forum for deciding whether one of the parties had properly elected to participate in the drilling of a well. But unlike

the case before us, the parties in *Tenneco* had entered into a private operating agreement which had to be construed in order to determine whether the election was valid. This Court found that the dispute involved the private rights of the parties, and that "no attempt [was] made by any party in the instant case to change or challenge the public issue of conservation of oil and gas," and therefore the proper forum was the district court. *Tenneco*, 687 P.2d at 1054–1055.

In two cases decided after *Tenneco*, this Court also found that the district court was the proper forum for the disputing parties. In both *Samson Resources Co. v. Corporation Comm'n*, 702 P.2d 19 (Okl.1985), and *MM Resources, Inc. v. Huston*, 710 P.2d 763 (Okl.1985), as in *Tenneco*, the issues involved the construction of private contracts between the parties. In all three of the cases cited this Court found that no issue of public interest was involved and that therefore the Corporation Commission was without jurisdiction in the matter.

Conversely, the case of *Nilsen v. Ports of Call Oil Co.*, 711 P.2d 98 (Okl.1985) involved the clarification of a Corporation Commission order relating to the authorization "to drill and operate a well" on the unit. Ports of Call had interpreted this phrase to mean a completed well into the target formations, and that it necessarily contemplated continuous operations to achieve that end, including the commencement of a second and third borehole following blowout problems which had been encountered. The opposing parties construed "a well" to be limited to the initial borehole. We found that the parties were clearly entitled to have the issue clarified by the Corporation Commission. This holding was based on the rule that the Commission has the power to clarify its previous orders, and that a clarification was called for in *Nilsen*.

In the case at bar, the Corporation Commission was called upon to clarify paragraph 4 of its order number 226092, dated October 13, 1982 which states:

That each owner of the right to drill in said drilling and spacing unit to said common sources of supply covered hereby, who has not agreed to develop said unit as a unit, other than the Applicant, shall elect which of the alternatives set out in paragraph 3 above such owner accepts, said election to be made to Applicant, in writing, within 15 days from the date of this Order....

The issue before the Commission was whether either the letter written by Pettit, the letter written by Samson, or both taken together satisfied the order set out above. As in *Nilsen*, the Commission was attempting to clarify its order, and therefore we find that jurisdiction was properly before the Commission.

## II.

■ Is Corporation Commission order number 254810 supported by the evidence? When reviewing the sufficiency of the evidence supporting the Corporation Commission's findings of fact, this Court's review is restricted to determining whether the Commission's findings and conclusions are sustained by the law and substantial evidence. Okla. Const. art. 9, § 20. Such a review does not include weighing the evidence on appeal, but only determining whether the supporting evidence possesses substance and relevance. *Currey v. Corporation Comm'n*, 617 P.2d 177, 179 (Okl. 1980), and *Miller v. Corporation Comm'n*, 635 P.2d 1006, 1007 (Okl.1981). This process does not entail comparing the evidence of the parties, but includes determining if the evidence supporting the order furnishes a substantial basis of facts from which the issue could be reasonably resolved. *Union Texas Petroleum v. Corporation Comm'n*, 651 P.2d 652, 662 (Okl. 1982).

■ In the Commission's findings of fact, finding number 9, paragraph 1 states: "The Pettit letter, Exhibit #14, states in part: '... (Samson) has informed you they will participate with my interest.' Without addressing the question of agency, the Commission finds that the letter is inadequate to act as an election for Samson Resources Company." If this finding is

supported by substantial evidence, then we must affirm.

The undisputed facts reveal that the Pettit letter was mailed on the last day that the Pettit interest could elect to participate. Samson did not mail any notice to TXO by that date. About October 27, 1982, Samson entered into a verbal agreement with Pettit to acquire his interest in the land and common sources of supply. Although there is no question concerning whether or not Samson acquired Pettit's interest, and apparently no question about Samson's desire to participate, the letter received by TXO was not sufficient to accomplish the election. The letter admits that Pettit has no present ownership in the forty acres, so he has no right as owner to elect. The letter makes no claim that Pettit is acting on behalf of Samson, and in fact the implication in the letter is otherwise. The letter does not bind Pettit, nor does it bind Samson. Even though there is some testimony indicating that Pettit was acting on behalf of Samson, there is a substantial basis of facts from which the Commission could reasonably determine that this letter did not constitute an election for either Samson or Pettit. Therefore we must affirm the Corporation Commission's order number 254810.

The order of the Corporation Commission is affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, ALMA WILSON and KAUGER, JJ., concur.

SIMMS and OPALA, JJ., concur in result.