TENNECO OIL COMPANY, Appellant,

v.

The OKLAHOMA CORPORATION COMMISSION, GHK Exploration Company, Kirby Exploration Company, Kaneb Oil & Gas, El Paso Exploration Company, MTS Limited Partnership, and C & K Petroleum, Appellees.

No. 68072.

Supreme Court of Oklahoma.

June 6, 1989.

H.B. Watson, Jr., Sharon Taylor Thomas, Watson & McKenzie, Oklahoma City, for appellant.

Robert G. Gum, Spradling, Alpern, Friot & Gum, Oklahoma City, for appellee, GHK Exploration Co.

ALMA WILSON, Justice:

Appellant interest owner, Tenneco, was force-pooled pursuant to Corporation Commission Order 201498 on October 29, 1981. Subsequent to the drilling of a marginal producer, the appellee operator, GHK, brought suit in federal district court seeking a determination that Tenneco was a participant in the well pursuant to Forced Pooling Order 201498. Over the objection of Tenneco, the federal district court ruled that it had jurisdiction and subsequently held that Tenneco was a participant in the well. Tenneco appealed the federal district court's judgment to the federal 10th Circuit Court of Appeals.[1] Tenneco also filed an application with the Corporation Commis-

sion seeking a determination that it was not a participant in the unit well pursuant to Forced Pooling Order 201498. Declining, and not deciding, the issue of jurisdiction, the Corporation Commission dismissed without prejudice Tenneco's application in Order 306671. Persuaded by principles of res judicata and collateral attack, the Corporation Commission held in Order 306671 that Tenneco's right to refile an application with the Corporation Commission was contingent upon the 10th Circuit's determination that the federal district court exceeded its jurisdiction when it adjudicated the question of Tenneco's participation under Forced Pooling Order 201498. Tenneco appeals Order 306671 to this Court.

■ The issue on appeal is whether the Oklahoma Corporation Commission erroneously dismissed Tenneco's application pending the 10th Circuit resolution of the cause. The issue before the Corporation Commission was whether a respondent to a Forced Pooling Order had elected to participate in the drilling of a well in compliance with the terms of the Forced Pooling Order. We have held that when a party's right to participate in a well flows from a Corporation Commission Forced Pooling Order, rather than from private agreement, the Corporation Commission has exclusive jurisdiction to determine whether the party has elected to participate in compliance with the Forced Pooling Order. In *Samson v. Okla. Corp. Com'n.*, 742 P.2d 1114 (Okla.1987), we held that absent a private agreement, the Corporation Commission is the proper forum to determine disputes over the status of elections under pooling orders.[2] We have consistently held that the Corporation Commission has jurisdiction to construe and clarify its previous orders to determine compliance with said

---

1. In *GHK Exploration Co. v. Tenneco Oil Co.*, 847 F.2d 650 (10th Cir 1988), the 10th Circuit reversed and remanded to the district court to dismiss the action for lack of subject-matter jurisdiction. However, the 10th Circuit adjudication is not dispositive of the issue on appeal here i.e whether the Corporation Commission erroneously dismissed Tenneco's application.

2. *Accord.* In our recent decision *Kaneb Production Co. v. GHK Exploration Co.*, 769 P.2d 1388 (Okla.1989) we remanded the cause to the Corporation Commission to determine the issue of participation. In *Kaneb*, the issue before the Corporation Commission was whether a respondent to the Forced Pooling Order in the instant case had elected to participate in compliance with the terms of the Forced Pooling Order.

orders under the authority of 52 O.S. 112. *Nilsen v. Ports of Call*, 711 P.2d 98 (Okla. 1985). Conversely, absent a change or challenge of a public rights issue of conservation, it is the exclusive jurisdiction of the district courts to adjudicate a party's status of election when the party's right to participate flows and arises from private agreements. *Samson v. Okla. Corp. Com'n.*, 742 P.2d 1114 (Okla.1987).

■ In the instant case, the Corporation Commission was called upon to determine Tenneco's status as a participant pursuant to the Forced Pooling Order 201498. No allegations were made regarding the existence of a private agreement. Here, the Corporation Commission dismissed without prejudice Tenneco's application, declining without deciding the jurisdictional issue. "The jurisdiction of any court exercising authority over any subject may be inquired into in every other court when the proceedings of the former are relied upon by a party claiming the benefit of that former proceeding." *State v. Corp. Comm'n.*, 590 P.2d 674, 677 (Okla.1979). Based upon principles of comity, the Corporation Commission should have stayed or arrested the proceeding pending disposition of the federal appeal. We reverse the dismissal and reinstate Tenneco's application to determine whether it had elected to participate in the drilling of the well in question. We remand for further proceedings consistent with this opinion.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, DOOLIN and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

SIMMS, J., dissents.