**DLB ENERGY CORP., Appellant,**

v.

**The OKLAHOMA CORPORATION COMMISSION and French Petroleum Corporation, Appellees.**

**No. 74365.**

Supreme Court of Oklahoma.

Jan. 29, 1991.

Robert A. Miller, Oklahoma City, for appellant, DLB Energy Corp.

Lindil C. Fowler, Jr., Leslie Wilson Pepper, and Lu Willis, Oklahoma City, for appellee, Oklahoma Corp. Com'n.

Gregory L. Mahaffey and Martha Martin, Oklahoma City, for appellee, French Petroleum Corp.

KAUGER, Justice.

This is an appeal from the denial of a motion to stay four related causes [1] before the appellee, Oklahoma Corporation Commission (Corporation Commission), pending a judgment in a related district court action. We find that the denial of a motion to stay proceedings is an interlocutory order, and that it is not appealable.

## FACTS

On August 14, 1985, the Oklahoma Corporation Commission (appellee/Corporation Commission) issued increased density order No. 283661 providing for the predecessors in interest of the appellant, DLB Energy Corp. (DLB Energy), and the appellee, French Petroleum Corporation (French), to re-complete the Harvey Steffen No. 2 (DLB well) and to drill a third well, the Harvey Steffen No. 3 (French well), in the Harvey Steffen Unit (unit) to the Atoka–Morrow formation.[2] When the application was filed, Texaco was operating the unit well—the Harvey Steffen No. 1 (No. 1 well). Order No. 283661 provides that the three wells are to share a single unit allowable to be established by taking the initial potential test from the best well in the section. Under order No. 283661, the No. 1 well has priority to the unit allowable, the DLB well has second priority, and the French well is authorized to produce the remaining portion of the allowable not produced by the other two wells. However, the order provides that the authority to drill the two additional increased density wells expires one year after the order is executed *unless the wells are commenced on or before the expiration date.*[3]

An attempt to deepen and to re-complete the DLB well began on November 25, 1985. Drilling ended on January 11, 1986. The DLB well's completion report stated that the well was dry, that the formation was

1. In three of the four causes, French is the applicant. DLB Energy is the applicant in the fourth cause. Cause CD No. 148068 is an application to revoke the intent to drill and to shut-in the DLB Well in the Atoka–Morrow common source of supply. Cause CD No. 148554 is an application to modify Order No. 283661 and to determine the unit allowable. Cause CD No. 148555 is an application to construe and to interpret Order No. 283661. Cause CD No. 148369 is DLB Energy's application to compel compliance with Order No. 283661 and to find French in contempt for overproduction of the French well.

2. The Harvey Steffen Unit is a 640–acre unit for the Atoka–Morrow common source of supply located at Section 20, Township 13 North, Range 9 West, Canadian County, Oklahoma. No controversy surrounds the well which existed in the unit at the time the increased density order was filed—the Harvey Steffen No. 1 operated by Texaco. Both DLB and French agree that the No. 1 well, a marginal producer, is entitled to production priority of the unit allowable.

3. Order No. 283661, issued on August 14, 1985, provides in pertinent part:
 "... 9. *Allowable.* The wells producing from the Atoka–Morrow separate common source of supply underlying Section 20 should share a single unit gas allowable to be determined by taking the initial potential test from the best well in the section. The Harvey Steffen No. 1 well would then have priority to that allowable with the Harvey Steffen No. 2 well having second priority and the Harvey Steffen No. 3 well being able to produce whatever portion of the allowable is remaining ...
 11. Authority to drill the two additional increased density wells will expire twelve months after the execution date of this order unless the wells are commenced on or before the expiration date ..."
 The Harvey Steffen No. 2 well referred to in Order No. 283661 is the DLB well. The Harvey Steffen No. 3 is the French well.

too tight, and that no pipe liner was run. The DLB well was plugged by setting an iron bridge plug above the Atoka–Morrow. On December 20, 1988, after having initially denied its application, the Corporation Commission approved DLB Energy's request to reenter the DLB wellbore.[4] DLB Energy began drilling on December 21, 1988. It reentered the DLB wellbore, drilled out the cast iron bridge plug, and re-completed the well in the Atoka–Morrow. Drilling ended on January 9, 1989, and the DLB well began producing on February 22, 1989.

It is undisputed that the French well was commenced within the time frame outlined by order No. 283661. The controversy here revolves around the central issues in four related causes before the Corporation Commission—whether the DLB well was commenced within the time constraints of order No. 283661, and whether it is entitled to priority production of the unit allowable.[5] The right to produce hydrocarbons from the Harvey Steffen Unit is also the subject of an action in district court. DLB Energy asserts its predecessors in interest and those of French executed a farmout agreement (agreement) on April 18, 1985, providing for a virtually identical production priority schedule. On July 10, 1989, DLB Energy filed an action in district court to enforce the private agreement.

■ On September 12, 1989, DLB Energy filed a motion to stay proceedings in the four causes before the Corporation Commission concerning the Harvey Steffen Unit. It requested that the Corporation Commission causes be stayed pending a decision in the district court action. DLB Energy asserted: 1) that a decision in the district court action could impact on French's standing to proceed before the Corporation Commission; 2) that the district court would be charged with determining the contract rights of both parties under the farmout agreement; and 3) that by ruling in the causes, the Corporation Commission might issue an order inconsistent with the district court's judgment and allow French to circumvent its contractual obligations. The administrative law judge heard argument on the motion on September 20, 1989. A decision was rendered from the bench denying the motion to stay on September 29, 1989. The administrative law judge found that no evidence was properly presented to show that a matter of purely private rights was at issue[6] and that French had standing pursuant to 52 O.S.1981 § 112,[7] 52 O.S.Supp.1988 § 87.1,[8]

---

4. On January 5, 1989, French filed an emergency application to revoke DLB Energy's intent to drill for the DLB well. A hearing on the application was held on January 10, 1989. French's application was denied on March 9, 1989.

5. The DLB well is capable of producing the entire unit allowable. Therefore, if the priority schedule outlined in order No. 283661 is upheld, the French well cannot produce without violating the order. When the DLB well began production, the French well was producing the unit allowable. French did not curtail production when the DLB well went on-line. At the same time, DLB Energy was producing its well as though it was entitled to production priority in the unit. This production scenario would have caused the unit to be in an overproduced status by approximately July 1, 1989, with the possibility that the Corporation Commission would shut-in the drilling unit.

6. The administrative law judge refused to allow the farmout agreement or the petition filed in district court to be entered into evidence. Although DLB Energy argued in its petition in error that exclusion of the evidence was error, it did not brief the issue. The question is waived.

*American First Abstract Co. v. Western Information Sys., Inc.,* 735 P.2d 1187, 1189 (Okla.1987); *Peters v. Golden Oil Co.,* 600 P.2d 330–31 (Okla. 1979).

7. Title 52 O.S.1981 § 112 provides in pertinent part:

"Any person affected by any Legislative or administrative order of the Commission shall have the right at any time to apply to the Commission to repeal, amend, modify, or supplement the same ..."

8. Title 52 O.S.Supp.1988 § 87.1 provides in pertinent part:

"... (d) The Commission shall have jurisdiction upon the filing of a proper application therefor, and upon notice given as provided in subsection (a) above, to decrease the size of the well spacing units or to permit additional wells to be drilled within the established units, upon proper proof at such hearing that such modification or extension of the order establishing drilling or spacing units will prevent or assist in preventing the various types of wastes prohibited by statute, or any of said wastes, or will protect or assist in protecting

and *Spaeth v. Corporation Comm'n*, 597 P.2d 320–21 (Okla.1979).[9] DLB Energy appealed the administrative law judge's ruling to the Corporation Commission *en banc*. The cause was argued to the Corporation Commission *en banc* on October 10, 1989. On November 6, 1989, the Corporation Commission *en banc* entered an order affirming the administrative law judge.[10]

## THE DENIAL OF A MOTION TO STAY PROCEEDINGS IS AN INTERLOCUTORY ORDER AND IT IS NOT APPEALABLE.

 French objected to the appeal of the instant cause by including a motion to dismiss in its response to DLB Energy's petition in error and preliminary statement. French asserted that the Corporation Commission's order denying the motion to stay proceedings was interlocutory or intermediate, and that it was not appealable. The motion to dismiss was renewed on the same bases in French's answer brief. DLB Energy filed a brief setting forth its contentions that the Corporation Commission lacked jurisdiction, that French lacked standing, and that the issuance of a stay would not adversely affect the parties. DLB Energy's brief does not contain argument responding to the issue of reviewability, and DLB Energy did not file a reply to French's answer brief.[11] It is against this backdrop that we must determine whether an appeal will lie from the denial of the motion to stay proceedings.

 An interlocutory order is an order which is not "final."[12] Whenever a tribunal's ruling does not culminate in a judgment, its decision is interlocutory.[13] Interlocutory orders do not operate to preclude a party from proceeding further in the cause nor do the orders prevent judgment.[14] The issuance of an interlocutory order leaves the parties in court to try the issues on the merits.[15] An interlocutory order may not be appealed unless: 1) it falls within a class of interlocutory orders

the correlative rights of persons interested in said common source of supply, or upon the filing of a proper application therefor to enlarge the area covered by the spacing order, if such proof discloses that the development or the trend of development indicates that such common source of supply underlies an area not covered by the spacing order and such proof discloses that the applicant is an owner within the area covered by the application. . . ."

Section 87.1 was amended effective September 1, 1990. However, the quoted portion of the statute remains substantially unchanged.

9. In *Spaeth v. Corporation Comm'n*, 597 P.2d 320–21 (Okla.1979), we found that a party owning an interest in minerals affected by a Corporation Commission order creating a drilling and spacing unit had standing to seek a permit to drill an additional well in the unit to protect correlative rights.

10. The Corporation Commission *en banc* found:
1) that no evidence was presented to support DLB Energy's allegations—the farmout agreement and the petition filed in district court being inadmissible;
2) that the mere filing of a lawsuit in district court was insufficient to stay proceedings before the Corporation Commission;
3) that the Corporation Commission was the only entity which could interpret, modify, and construe its own orders;

4) that prior unappealed rulings relating to consolidation and continuances constituted res judicata and collateral estoppel on the motion to stay;
5) that French had standing to file the application;
6) that the motion to stay constituted an impermissible collateral attack on order No. 283661; and
7) that the issue of public rights is present in all four causes making the issuance of a stay inappropriate.

11. Generally, this Court will not review allegations of error not presented on appeal and raised by the petition in error. *Greene v. Circle Ins. Co.*, 557 P.2d 422–23 (Okla.1976).

12. J. Parkinson, "Interlocutory Appeals in Oklahoma," 61 O.B.J. 1397 (1990). See also, Annot., "Appealability of Order Staying, or Refusing to Stay, Action Because of Pendency of Another Action," 18 A.L.R.3d 400, 402 (1968).

13. *Eason Oil Co. v. Howard Eng'g*, 755 P.2d 669, 672 (Okla.1988).

14. *Lawson v. Boston Chrysler, Plymouth & Dodge, Inc.*, 625 P.2d 1258, 1260–61 (Okla.1981).

15. *Riise v. Riise*, 332 P.2d 963, 965 (Okla.1958); *Shaw v. Sturgeon*, 266 P.2d 462–63 (Okla.1954); *Dennis v. Lathrop*, 204 Okla. 684, 233 P.2d 969–70 (1951).

appealable by right;[16] or 2) it is certified by the trial court for immediate prejudgment review because it affects a substantial part of the merits of a controversy.[17]

No certified question is presented, and we have not determined previously whether the denial of a motion to stay proceedings is appealable by right. However, in *Daggs v. Phillips*, 184 Okla. 625, 89 P.2d 359–60 (1939), we found that the staying of proceedings pending an appeal in a related cause was an interlocutory order not subject to appellate review prior to final judgment. In *Daggs*, a forcible entry and detainer action was filed before the justice of the peace, and a judgment was rendered in favor of Daggs. The judgment was appealed to the district court. When the judgment in the action before the justice of the peace was appealed, there was already an action pending in district court in which Daggs sought injunctive relief. The district court issued an order holding a decision in the appeal in abeyance pending a decision in the action requesting an injunction. An appeal was taken from the motion staying proceedings. Relying on the rule previously outlined that an appeal will not lie from an intermediate or interlocutory order made during the pendency of an action which leaves the parties in court to try the issues on the merits unless the appeal is from a special order whose appeal is authorized by statute[18]—this Court held that the appeal must be dismissed. The statute governing appellate jurisdiction in *Daggs* is substantially similar to 12 O.S. 1981 § 952(b)(2),[19] the current statutory de-

16. *Eason Oil Co. v. Howard Eng'g*, see note 13, supra.

Title 12 O.S.1981 § 952 provides in pertinent part:
"... (b) The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
... (2) An order that discharges, vacates or modifies or refuses to vacate or modify a provisional remedy which affects the substantial rights of a party; or grants, refuses, vacates, modifies or refuses to vacate or modify an injunction; grants or refuses a new trial; or vacates or refuses to vacate a final judgment..."

Title 12 O.S.Supp.1984 § 993 provides in pertinent part:
"A. When an order:
1. discharges, vacates, or modifies or refuses to discharge, vacate, or modify an attachment,
2. denies a temporary injunction, grants a temporary injunction except where granted at an ex parte hearing, or discharges, vacates, or modifies or refuses to discharge, vacate, or modify a temporary injuction,
3. discharges, vacates, or modifies or refuses to discharge, vacate, or modify a provisional remedy which affects the substantial rights of a party,
4. appoints a receiver except where the receiver was appointed at an ex parte hearing, refuses to appoint a receiver, or vacates or refuses to vacate the appointment of a receiver,
5. directs the payment of money pendente lite except where granted at an ex parte hearing, refuses to direct the payment of money pendente lite, or vacates or refuses to vacate an order directing the payment of money pendente lite,
6. certifies or refuses to certify an action to be maintained as a class action,

the party aggrieved thereby may appeal the order to the Supreme Court without awaiting the final determination in said cause ..."
Section 993 was amended effective January 1, 1991. However, the quoted portion of § 993 was not changed.
*See also Chemco Prod., Inc. v. Moley Produce Co.*, 615 P.2d 300–01 (Okla.1980).

17. *Eason Oil Co. v. Howard Eng'g*, see note 13, supra.

Title 12 O.S.1981 § 952 provides in pertinent part:
"... (b) The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
... (3) Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; provided, however, that the Supreme Court, in its discretion, may refuse to hear the appeal...."

18. *Riise v. Riise*, see note 15, supra; *Shaw v. Sturgeon*, see note 15, supra; *Dennis v. Lathrop*, see note 15, supra.

19. Title 12 O.S.1981 § 952(b)(2), see note 16, supra. Title 12 O.S.1981 § 952 provides in pertinent part:
"... The Supreme Court may also reverse, vacate or modify any of the following orders of the county, superior or district court, or a judge thereof:
... Second. An order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates, or modifies an injunction; that grants or refuses a new trial; or confirms or refuses to confirm, the report of a referee; or sustains or overrules a demurrer ..."

lineation of interlocutory orders which are appealable by right.

Here, rather than granting the motion to stay proceedings, as did the district court in *Daggs*, the Corporation Commission refused to stay its proceedings pending a resolution of the district court action. If an order granting a stay in a civil proceeding is interlocutory and not subject to review,[20] we do not perceive how the denial of the same motion may be appealed before judgment is entered.[21] We do not have before us an order of the Corporation Commission which is part and parcel of an uncompleted administrative inquiry as we did in *French Petroleum Corp. v. Oklahoma Corporation Comm'n*, 805 P.2d 650, 652 (Okla.1991) (in which the Corporation Commission issued a temporary order pending a decision on the merits) or in *H & L Operating Co. v. Marlin Oil Corp.*, 737 P.2d 565, 568 (Okla.1987) (in which an emergency order issued and was stayed pending the determination of a well location). Here, the Corporation Commission has simply determined that it will proceed with the instant causes. Neither are we presented with a situation similar to *Tenneco Oil Co. v. Oklahoma Corp. Comm'n*, 775 P.2d 296, 298 (Okla.1989), in which we found that the Corporation Commission should have stayed its proceedings based on principles of comity. In *Tenneco*, a federal district court decision was on appeal when the related cause was filed with the Corporation Commission. Here, there has been no decision in the district court action. We find that the denial of a motion to stay proceedings is an interlocutory order and that it is not appealable.

## CONCLUSION

A stay of proceedings is not a dismissal of a suit.[22] Rather, it is a suspension or arrest of a judicial proceeding by court order.[23] The grant or denial of a motion to stay does not culminate in a final appealable judgment.[24] Here, the Corporation Commission order denying the motion to stay the proceedings in the four related causes guaranteed that the causes would be heard on the merits. Because the order is interlocutory, the appeal must be dismissed.

APPEAL DISMISSED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

**20.** *Daggs v. Phillips,* 184 Okla. 625, 89 P.2d 359–60 (1939). *See also, Andrews v. Southern Discount Co.,* 662 F.2d 722, 724 (11th Cir.1981); *Jensenius v. Texaco, Inc.,* 639 F.2d 1342–43 (5th Cir.1981); *Goldberg v. Carey,* 601 F.2d 653, 656 (2nd Cir.1979); *LaLonde v. LaLonde,* 28 Mass. App.Ct. 969, 552 N.E.2d 124–25 (1990); Annot., "Appealability of Order Staying, or Refusing to Stay, Action Because of Pendency of Another Action," note 12 at 402, supra.

**21.** *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 275, 108 S.Ct. 1133, 1136, 99 L.Ed.2d 296, 304 (1988); *Ruth & Clark, Inc. v.*

*Emery,* 235 Iowa 131, 15 N.W.2d 896, 898 (1944); *Grinwald v. Mayer,* 207 Wis. 418, 241 N.W. 376–77 (1932). *See also, Gold v. Johns–Manville Sales Corp.,* 723 F.2d 1068, 1072 (3rd Cir.1983).

**22.** *Five Keys, Inc. v. Pizza Inn, Inc.,* 99 N.M. 39, 653 P.2d 870–71 (1982); *Solarana v. Industrial Elec., Inc.,* 50 Haw. 22, 428 P.2d 411, 417 (1967).

**23.** *In re Koome,* 82 Wash.2d 816, 514 P.2d 520, 522 (1973).

**24.** *LaLonde v. LaLonde,* see note 20, supra.