1997 OK CIV APP 80

1997 OK CIV APP 80

**Rebecca S. GRIMES, Plaintiff/Appellee,**

v.

**James D. GRIMES, Defendant/Appellant.**

**No. 87206.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 4, 1997.

George M. Park, Broken Arrow, for Plaintiff/Appellee,

Buckley W. Barlow, Gish & Barlow, Tulsa, for Defendant/Appellant.

OPINION

BUETTNER, Judge:

¶1 There is one question properly preserved for review: did the trial court err in finding Mr. Grimes in indirect contempt for failing to pay child support arrearage payments that had been previously reduced to judgment?[1] We answer in the negative.

---

1. Mr. Grimes raised one other issue in his petition in error, but because he did not brief it, that issue is waived. *DLB v. Oklahoma Corporation Commission,* 1991 OK 5, 805 P.2d 657, 659, fn.

¶2 In January 1993, the parties divorced in Colorado. They moved to Oklahoma and registered their foreign judgment in Tulsa County. On October 25, 1994, the trial court reduced to judgment certain unpaid items in the Colorado order, including $3,840.59, representing an arrearage in child support payments from January 1993 to February 1994; $2,726.50 for an income tax intercept from Mrs. Grimes' tax return for payment of a debt ordered paid by Mr. Grimes in the Colorado decree; and $4,867.50 for attorney fees. On March 23, 1995, the court corrected the amount of judgment for the child support arrearage to $3,133.82. It then awarded judgment in favor of Mrs. Grimes for her Oklahoma attorney fees in the amount of $2,500.00.

¶3 On April 25, 1995, Mrs. Grimes cited Mr. Grimes for indirect contempt alleging he failed to pay the judgments as ordered on October 25, 1994 and March 23, 1995 and failed to pay child support as ordered since November 1994. After trial, the court found Mr. Grimes guilty of indirect contempt and sentenced him to six months in jail, but deferred execution on the judgment until 1999, giving Mr. Grimes a schedule for purging his contempt.

¶4 In the recent case of *Sommer v. Sommer*, 1997 OK 123, 947 P.2d 512, the Oklahoma Supreme Court held that support orders may be enforced through contempt even after arrearages had been reduced to judgment. In finding that Art. 2, § 13 [2] was not offended, the Court stated that it looked at the underlying claim and not the form of action or process. The Court held that "familial support obligations," even when reduced to judgment, have not been considered as debts within the meaning of Art. 2, § 13. Even though the Supreme Court was dealing with support alimony in *Sommers*, we find no reason not to apply the same rationale to child support obligations.

¶5 For this reason, we find no error occurs when indirect contempt proceedings are used to collect child support arrearages, even after they have been reduced to judgment.

¶6 Mr. Grimes' motion for appeal related costs and attorney fees is denied.

¶7 Mrs. Grimes' request for attorneys fee is denied.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.

---

6. He also briefed issues which were not raised in the petition in error. When an issue is not raised in the pleadings nor in the petition in error, ordinarily the appellate court will not consider it. *Mothershed v. Mothershed*, 1985 OK 23, 701 P.2d 405, 411.

2. Okla. Const. Art. 2, § 13: Imprisonment for debt is prohibited, except for the non-payment of fines and penalties imposed for the violation of law.